UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| STEVE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-29-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Steve Williams ("Williams") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 10, 11] Through this action, Williams seeks to reverse the decision of an administrative law judge ("ALJ") concluding that he was not entitled to disability insurance benefits and supplemental security income. However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Williams.

**I.    LEGAL STANDARD**

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability

-1-

application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, a claimant must show that he suffers from a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if he can do past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the

---

[1] Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations. What were previously 20 C.F.R. §§ 404.1520(e) and (f) are now 20 C.F.R. §§ 404.1520(f) and (g), respectively. The same changes have been made to 20 C.F.R. § 416.920.

correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted).  It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence.  Credibility determinations are particularly within the province of the ALJ.  *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

## II.   PROCEEDINGS BEFORE THE ALJ

On January 13, 2004, an administrative hearing was held before ALJ Andrew Chwalibog in Prestonsburg, Kentucky.  During this hearing, the ALJ heard testimony from Williams and Leah Salyers, a vocational expert ("VE").  Thereafter, the ALJ issued a decision denying benefits to Williams.  The ALJ concluded that Williams retained the residual functional capacity to perform a significant range of light work. [Transcript ("Tr."), p. 23]  Based on testimony from the VE, the ALJ further concluded that Williams was capable of performing a significant number of jobs in the national economy.  [Tr., p. 22]

## III.   DISCUSSION

Williams's argues that the Commissioner's decision should be reversed and this matter remanded for further proceedings because the ALJ erred by failing to re-contact his treating physician, Dr. Adkins.  The ALJ rejected Dr. Adkins' assessments with respect to Williams' mental and physical limitations.  Specifically, the ALJ concluded that Dr. Adkins' mental

capacity assessment was outside his area of expertise and was based solely on Williams' subjective complaints. With respect to the physical capacity assessment, the ALJ found that Dr. Adkins' treatment notes and the objective medical evidence of record did not support the "extreme limitations" suggested by him. Despite these specific findings, Williams argues that the ALJ should have recontacted Dr. Adkins to obtain clarification of his opinions.

Title 20 C.F.R. Section 404.1512(e), and its parallel citation, 20 C.F.R. § 416.912(e), provide, in relevant part:

> Recontacting medical sources. When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques. We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source. In every instance where medical evidence is obtained over the telephone, the telephone report will be sent to the source for review, signature and return.

Here, 20 C.F.R. §§ 404.1512(e) and 416.912(e) do not apply because there *was* sufficient evidence in the record for the Commissioner to determine whether Williams was disabled. The ALJ did not indicate that he had insufficient evidence to make a decision and specifically stated that he had considered the RFC assessment submitted by Dr. Adkins. [Tr., p. 20] The ALJ found that Dr. Adkins did not have the expertise to offer an opinion as to Williams' mental limitations

and concluded that Dr. Adkins' physical restrictions were not supported by his notes or the objective evidence of record. The recontacting provision cited by Williams is only triggered when the medical information in the record is inadequate for the Commissioner to determine whether the claimant is disabled. 20 C.F.R. § 404.1512(e) ("When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.")

It was within the ALJ's discretion to discount Dr. Adkins' findings. While some deference is accorded the findings of treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985); *see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your treating source, to provide evidence, including opinions, on the nature and severity of your impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your residual functional capacity . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner."). Further, the "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002). In the Sixth Circuit's most recent case dealing with the

treating physician rule, the court noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques, (2) it is inconsistent with substantial evidence in the record, (3) it does not identify the evidence supporting its finding, and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(e)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546 (6th Cir. 2004).

The ALJ relied upon the opinions of state agency consultants, which he found were supported by the medical evidence. In doing so, the ALJ concluded that Williams was not disabled. Rather, the ALJ found that Williams' back and neck impairments "warrant limitation to light work." [Tr., p. 20]

Williams has not argued that the ALJ lacked sufficient evidence. Further, he has not identified which medical records the ALJ lacked that would have required recontacting Dr. Adkins. There was no conflict or ambiguity in Dr. Adkins' report that required clarification. Rather, the problem with his report was the lack of objective evidence to support his findings. The ALJ considered Dr. Adkins' report and properly discounted it. Substantial evidence in the record supported this conclusion.

## IV.     CONCLUSION

The ALJ's opinion is supported by substantial evidence. Further, the Plaintiff's argument is without merit. Accordingly, it is hereby

**ORDERED** as follows:

(1)     Claimant's Motion for Summary Judgment [Record No. 10] is **DENIED**;

(2)     The Commissioner's Motion for Summary Judgment [Record No. 11] is **GRANTED**; and

(3)     The administrative decision will be **AFFIRMED** by separate judgment entered this date.

(4)     This matter will be **DISMISSED** and **STRICKEN** from the Court's docket.

This 22nd day of July, 2005.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge